IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-02582-CMA-KMT

JOSEPH A. ZEBROWSKI, JR., a Colorado resident;
CHEMICAL ALLOY CORPORATION, an Oklahoma Corporation; and
EL PASO PARTNERS LIMITED PARTNERSHIP, an Oklahoma Limited Partnership,

    Plaintiffs,

v.

ALLEN W. ZEBROWSKI, a Texas resident;
ANA MARIA HUERTA RAMOS, a Mexican national; and
POLO y RON MINERALS, S.A. de C.V., A Mexican corporation,

    Defendants.

---

**ORDER GRANTING MOTION TO REMAND, DENYING REQUEST FOR FEES AND COSTS, AND GRANTING MOTION FOR LEAVE TO FILE SUR-REPLY**

---

This matter is before the Court on Plaintiffs Joseph A. Zebrowski, Jr., Chemical Alloy Corporation, and El Paso Partners Limited Partnership's Motion to Remand. (Doc. #10) and Defendants Allen W. Zebrowski, Ana Maria Huerta Ramos, and Polo y Ron Minerales, S.A. de C.V.'s Motion for Leave to File Sur-Reply to Plaintiffs' Reply in Support of Their Motion to Remand (Doc. #19). For the following reasons, the Motion is granted.

## I.  BACKGROUND

This matter arises from a contractual dispute between the parties. As set forth in the Verified Complaint for Injunctive and Other Relief (Doc. # 1-4), Plaintiff Joseph Zebrowski and Defendant Allen Zebrowki (the "Zebrowski Brothers") entered into a

business venture between themselves and with others to raise money for and engage in the exploration and development of mineral properties in Mexico.  (*Id.* at 2).  In order to achieve these goals, the Zebrowski Brothers formed Plaintiff corporation El Paso Partners to raise money from limited partner investors for the exploration venture. (*Id.* at 3).  They also created Plaintiff corporation Chemical Alloy Corporation ("Chemical Alloy") to be the general partner of El Paso Partners.  Joseph Zebrowski would serve as President and Allen Zebrowski would serve as Vice President and Secretary, and the two brothers would each be 50% owners of Chemical Alloy.  (*Id.*)  Because laws in Mexico at the time did not permit foreigners to own directly mineral rights or mining land in Mexico, the Zebrowski Brothers acquired a Mexican company, Defendant Polo y Ron Minerales, S.A. de CV., to be the nominal owner of any mineral rights they explored and developed.  Allen Zebrowski's wife, Defendant Ana Maria Huerta Ramos, who was a Mexican citizen residing in Texas and the Mexican state of Chihuahua, would be Polo y Ron's president, without any executive powers or financial duties, and would hold 49% interest in Polo y Ron.  Allegedly, in an agreement reduced to writing on December 20, 1991 (the "December 1991 Agreement"), all parties agreed that all assets and mineral rights of Polo y Ron would be held for the benefit of and owned by El Paso Partners. (*Id.*; *see also id.*, Ex. 1 at Doc. #1-4 at 8-16).

Eventually, the Zebrowski Brothers successfully developed and sold mineral properties that belonged to El Paso Partners.  The sale of these properties generated installment payments, which were initially received into El Paso Partners' bank account.

However, in 2007, Defendants Huerta Ramos and Allen Zebrowski allegedly diverted installment payments to Defendant Polo y Ron's bank account. (*Id.*) Also in 2007, Defendant Allen Zebrowski allegedly created a new company to hold ownership in a mining project that purportedly should have been owned by El Paso Partners. (*Id.* at 4). Plaintiffs also allege that Defendant Allen Zebrowski wrongfully placed five other mineral claims into the sole name of his wife, Defendant Huerta Ramos. (*Id.*)

As a result of the aforementioned activity, Plaintiffs filed a Verified Complaint for Injunctive and Other Relief in Jefferson County District Court on September 22, 2010, alleging claims of conversion, breach of contract, and breach of fiduciary duty, and seeking declaratory and injunctive relief. (Doc. ## 1-1, 1-2, 1-3, 1-4.) On October 22, 2010, Defendants filed a Notice of Removal from Jefferson County District Court, asserting that the Court has original jurisdiction over this action under 28 U.S.C. § 1332, because the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and the action is between citizens of different states and citizens of a foreign state. (Doc. # 1.) On November 2, 2010, Plaintiffs filed a Motion to Remand to state court. (Doc. #10.) Defendants responded on November 12, 2010 (Doc. #16), and Plaintiffs replied on November 18, 2010 (Doc. #17). On November 24, 2010, Defendants filed a Motion for Leave to File Sur-Reply to Plaintiffs' Reply in Support of Their Motion to Remand, along with their Sur-Reply. (Doc. ##19, 19-1.) Plaintiffs responded to Defendants' Motion for Leave to File a Sur-Reply on December 6, 2010. (Doc. # 21.)

## II.  ANALYSIS

Plaintiffs seek remand to the Jefferson County District Court because, in their view, the parties are not diverse.  In particular, Plaintiffs assert that both Plaintiff El Paso Partners Limited Partnership and Defendant Allen Zebrowski are citizens of the Texas. (Doc. # 10 at 3.)  In contrast, Defendants maintain that El Paso Partners Limited Partnership is not a citizen of Texas, and, therefore, diversity exists among the parties. (Doc. # 16 at 1-2.)  Alternatively, Defendants argue that, even if El Paso Partners was a citizen of Texas, El Paso Partners is only a nominal plaintiff, not a real party in interest, and, therefore, its participation in the litigation should not destroy diversity.  (*Id.* at 5).

For a case to be removable from state court, the federal court must have jurisdiction.  *See* 28 U.S.C. § 1441 (generally identifying removable actions). "Jurisdiction is a threshold question that a federal court must address[.]"  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (internal citations omitted); *see also Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962) ("the burden is and always has been upon the one asserting it to affirmatively sustain it").  In an action removed from state court by a defendant, the **defendant** bears the burden of establishing that the requirements of diversity jurisdiction have been met.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)); *see also McPhail v. Deer & Co.*, 529 F.3d 947, 952-53 (10th Cir. 2008) (a removing defendant must "prove jurisdictional facts by a 'preponderance of the evidence[.]'").  "[R]emoval statutes are to be strictly construed, and all doubts are to be

resolved **against** removal." *Fajen v. Found. Reserve Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted) (emphasis added).

### A.   EL PASO PARTNERS' CITIZENSHIP

As set forth in the Verified Complaint, Plaintiff El Paso Partners is an Oklahoma limited partnership, with its principal place of business in Colorado.  (Doc. # 1-4 at 2.) The citizenship of a limited partnership is determined by looking to the citizenship of its general and limited partners.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1989) (the citizenship of an artificial entity for diversity purposes depends upon the citizenship of each of the persons composing the entity); *Depex Reina 9 P'ship v. Tex. Intern. Petroleum* Corp., 897 F.2d 461, 463 (10th Cir. 1990) ("In the case of a partnership, the partnership is a citizen of each state in which a partner is a citizen."); *McMoran Oil and Gas Co. v. KN Energy, Inc.*, 907 F.2d 1022, 1024 (10th Cir. 1990) (for the purpose of determining whether diversity is present where one party is a limited partnership, the court must look to the citizenship of each of the limited partners) *reversed on other grounds by* 498 U.S. 426 (1991).  Accordingly, the Court will look to the citizenship of El Paso Partners' limited partners.

In support of their Motion to Remand, Plaintiffs assert that the parties are not diverse because two of El Paso Partners' limited partners reside in Texas, thus making El Paso Partners a citizen of Texas, and Defendant Allen Zebrowski is also a citizen of Texas.  In support, Plaintiffs attach an Affidavit of Plaintiff Joseph Zebrowski, Jr., who is the President and 50% owner of Chemical Alloy Corporation, the general partner of

El Paso Partners, in which he attests, in pertinent part, to two of the limited partners' Texas citizenship, without revealing their identities. (Doc. # 10-1.)

In opposition to Plaintiffs' Motion to Remand, Defendants assert that El Paso Partners, does not have any limited partners in Texas and, therefore, complete diversity exists between the parties. (Doc. # 16 at 3.) In support, Defendants attached what is purportedly the only Certificate of Limited Partnership on file with the Oklahoma Secretary of State. (Doc. # 16, Ex. A, at Doc. # 16-1.) Two of the identified limited partners, a Will and Lois Stratton, have an unspecified address in Dallas, Texas. (*Id*. at 3). However, Defendants assert that, upon conducting their own investigation, they learned that the Strattons currently reside in Washington, D.C., not in Dallas, Texas, as supported by an affidavit by their private investigator. (Doc. # 16, Ex. B, at Doc. # 16-2.)

In their Reply in Support of their Motion to Remand, Plaintiffs do not dispute that William and Lois Stratton are now citizens of Washington, D.C., but contend that two other limited partners reside in Texas, namely Dawn Tankersley and David Dolben. (Doc. # 17 at 2.) In support, Plaintiffs attach a Supplemental Affidavit of Joseph A. Zebrowski, Jr., in which he attests that, pursuant to his powers as the general partner of El Paso Partners, he admitted Dawn Tankersley and David Dolben on August 2, 1993 and December 6, 1994, respectively. (Doc. # 17-1.)

In a Sur-Reply, Defendants ask the Court to give no weight to Plaintiff Zebrowski's unilateral approval of two additional limited partners (Tankersley and

Dolben) "without proof that all the limited partners approved the admission of any additional limited partners." (Doc. # 19-1 at 1.) Defendants also urge the Court to question the veracity of Joseph Zebrowski's statements, in light of the fact that Ms. Tankersley and Mr. Dolben were purportedly admitted to the partnership **before** the partnership's registration with the Secretary of State on December 12, 1994, but were not listed as limited partners on the Certificate of Limited Partnership. (*Id.*) The Court is unpersuaded by either point and will address them, in turn, below.

First, Defendants duly acknowledge that "[t]he consent of each existing partner in a partnership is necessary for the admission of a new partner, **absent a provision** in the partnership agreement providing otherwise." *Ritzau v. Warm Springs West*, 589 F.2d 1370, 1375 (9th Cir. 1979) (internal citation omitted) (emphasis added) (finding that the addition of a new <u>limited</u> partner was permissible in light of partnership agreement's provision that gave the general partner very broad powers of administering the partnership's affairs, even though the partnership agreement required unanimous consent for the admission of general partners) (cited in Defendants' Sur-Reply, at Doc. # 19-1 at 2.)[1] However, Defendants fail to acknowledge that El Paso Partners' Limited Partnership Agreement ("Partnership Agreement"), as presented by Plaintiffs, expressly

---

[1] This consent requirement is in harmony with Oklahoma's Revised Uniform Limited Partnership Act, upon which Defendants also rely; notably, the statute allows the partnership agreement to dictate the process for the admission of new limited partners. *See* OKLA. STAT. 54, § 318(B) (2010) ("After the filing of a limited partnership's original certificate of limited partnership, a person may be admitted as an additional limited partner: 1. In the case of a person acquiring a partnership interest other than by assignment of such interest from a partner, **upon the compliance with the partnership agreement** or, if the partnership agreement does not so provide, upon the written consent of all partners[.]") (emphasis added).

bestows upon the general partner "[t]he rights, powers, and authority" to "admit another as a limited partner[.]" (Doc. # 17, Ex. B, at # 17-2 at § 8.2(K).)  Additionally, the Partnership Agreement expressly states that the general partner "shall have no authority to" "[a]dmit another as a General Partner," "without the written consent or ratification by a majority in interest of the Limited Partners[.]" (*Id.* at § 8.3(F).)  The Partnership Agreement does not expressly prohibit the general partner from admitting a limited partner without the limited partners' written consent or ratification.  According the Partnership Agreement's words their plain and ordinary meaning, the Court concludes that the Partnership Agreement permits the general partner to admit unilaterally new limited partners.[2]

Second, with respect to the veracity of Joseph Zebrowski's statements in his affidavit, the Court finds no reason not to accept Mr. Zebrowki's sworn statements as true.  While the reasons for El Paso Partners' failure to identify Ms. Tankersley and Mr. Dolben on its Certificate of Limited Partnership, filed on December 12, 1994, are unclear, Defendants, who bear the burden of proof in asserting this Court's jurisdiction, have not presented any competent evidence that affirmatively negates Mr. Zebrowski's statements.

---

[2]  The Court finds that this reading is in harmony with Oklahoma's Revised Uniform Limited Partnership Act and Revised Uniform Partnership Act.  Even if Defendants are correct that a general partner of a limited partnership must obtain the consent of all partners before a new limited partner is admitted, pursuant to OKLA. STAT. 54, § 1-401(2)(i), Defendants have not presented any competent evidence that El Paso Partners' limited partners did not execute the Partnership Agreement, which gives the general partner unilateral power to add limited partners, without the express consent of others.

Therefore, because Ms. Tankersley and Mr. Dolben, both of whom live in Texas, were admitted to the partnership, El Paso Partners is rightfully deemed a citizen of Texas.

**B.   WHETHER EL PASO PARTNERS LIMITED PARTNERSHIP IS AN ESSENTIAL PARTY**

Defendants next argue that, even if El Paso Partners is a citizen of Texas, the Court should disregard El Paso Partners' citizenship because it is not a real party in interest. (Doc. # 16 at 5-7.) Further, to the extent that Plaintiffs rely on the underlying December 1991 Agreement to assert that El Paso Partners is a real party in interest, Defendants maintain that such Agreement is adulterated, was never actually signed by Defendants, and, therefore, obliterates El Paso Partners' asserted position as a real party in interest. (Doc. # 19-1 at 3-5.)

"[I]t is well-settled that nondiverse parties may be dismissed in order to preserve diversity jurisdiction." *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 845 (10th Cir. 1988) (citing cases); *see also Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1369 (10th Cir. 1982) ("a non-diverse party whose presence is not essential under Rule 19, . . . may be dropped to achieve diversity."). Rule 19(a)(1) of the Federal Rules of Civil Procedure identifies a "required party" as one who, (A) in its absence, "the court cannot accord complete relief among existing parties"; or (B) "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring

9

double, multiple, or otherwise inconsistent obligations because of the interest." *See also US Fax Law Ctr., Inc. v. iHire, Inc.*, 373 F. Supp. 2d 1208, 1210 (D. Colo. 2005) ("A 'real party in interest' is a party that has a substantive right that is enforceable under applicable substantive law."); *Pompa v. Am. Family Mut. Ins. Co.*, 506 F. Supp. 2d 412, 415 (D. Colo. 2007) (a real party in interest is one who has "suffered an injury to a legally protected interest").

In the instant case, Defendants assert that El Paso Partners is not a real party in interest; it does not have any substantive rights to any of the disputed assets and mineral rights, because at the time of the underlying December 1991 Agreement, non-Mexicans and foreign entities could not directly own mineral rights or mining land in Mexico. (Doc. # 16 at 6.) In essence, Defendants assert that the underlying December 1991 Agreement was invalid at its execution. Defendants further assert that Polo y Ron's registered shareholders, which do not include El Paso Partners, are the only owners with rights to Polo y Ron's assets and mineral rights. (*Id.* at 7).

In contrast, Plaintiffs assert that El Paso Partners is a real party in interest because it has suffered an injury to a legally protected interest: "El Paso Partners owns the assets of Defendant Polo y Ron Minerales, S.A. de C.V. [ ] by agreement of the parties, which it alleges were converted by Defendants," "El Paso Partners is a party to the contract that the complaint alleges was breached," and "El Paso Partners is the party to whom Defendant Zebrowski owed fiduciary duties, which the complaint alleges were breached." (Doc. # 17 at 4-5.)

As Plaintiffs duly note, the validity of the underlying December 1991 Agreement between El Paso Partners and Polo y Ron is not presently before the Court. (Doc. # 17 at 6.) Rather, the Court must decide if El Paso Partners is a real party in interest. Regardless of, and without determining, the underlying agreement's validity, El Paso is a party to the underlying December 1991 Agreement, which serves as a basis for the instant litigation. Therefore, the Court finds that El Paso Partners is a real party in interest and, pursuant to Fed. R. Civ. P. 19(a)(1), it is a "required party;" El Paso Partners claims an interest relating to the underlying agreement, and disposing of the action in El Paso Partners' absence may as a practical matter impair or impede its ability to protect the claimed interest.

Accordingly, having found that no diversity exists among the parties and that El Paso Partners is a real party in interest, the Court grants Plaintiffs' Motion to Remand.

### III.  DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO REMAND

On November 24, 2010, Defendants filed a Motion for Leave to File a Sur-Reply to Plaintiffs' Reply in Support of Their Motion to Remand. (Doc. # 19.) Defendants assert that a sur-reply is necessary because Plaintiffs introduced new information in their Reply brief, namely the addition of two limited partners who reside in Texas, which information had not been disclosed in Plaintiffs' Motion to Remand.

The Court notes that this district's local rules do not provide for the filing of a sur-reply. However, "if the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to those new materials." *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1191 (10th Cir. 2006). As evidenced by the Court's analysis in connection with Plaintiff's Motion to Remand, the Court has relied on the new materials presented by Plaintiffs in their Reply brief. Thus, a sur-reply is warranted.

Accordingly, the Court grants Defendants' Motion for Leave to File Sur-Reply.

### IV.  PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS

Plaintiffs ask the Court for an award of attorneys' fees and costs incurred as a result of the improper removal of this case, pursuant to 28 U.S.C. § 1447(c).[3] Defendants do not respond to Plaintiffs' request in either their Response or their Sur-Reply. Rather, Defendants simply request an award of "reasonable attorney fees and costs." (Doc. ## 16 at 8; 19-1 at 5.)

In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court considered the policy behind § 1447(c). In doing so, the Court noted as follows:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The

---

[3] In pertinent part, § 1447(c) states, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

12

> appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id.* at 140. The Court further noted, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

In the instant case, the allegations in the Verified Complaint do not render obvious that El Paso Partners is a citizen of Texas, and, therefore, that diversity does not exist among the parties. The Complaint simply states, "El Paso Partners is an Oklahoma limited partnership with its principle place of business in Colorado. El Paso Partners general partner is Chemical and limited partners consist of over 80 different individuals who have invested in El Paso Partners to fund mineral exploration activities in Mexico." (Doc. # 1-4, ¶ 3.) Although El Paso Partners' Certificate of Limited Partnership lists two limited partners who reside in Texas, Defendants conducted their own investigation and discovered that those individuals no longer reside in Texas. While in a supplemental affidavit, Plaintiff Joseph Zebrowski attests that his brother, Defendant Allen Zebrowski, "knew that Mr. Dolben [a Texas resident] was an investor and limited partner in El Paso Partners," no evidence was presented that Defendant Allen Zebrowski, or any other Defendant, actually knew that any of El Paso Partners' limited partners are actually citizens of Texas. Therefore, the Court finds that

Defendants, the removing party in this case, had an objectively reasonable basis for seeking removal.

Accordingly, Plaintiffs' requests for attorneys' fees and costs is denied. Each party shall bear his/her/its own fees and costs.

## V.  CONCLUSION

Accordingly, IT IS ORDERED that Plaintiffs' Motion to Remand (Doc. # 10) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Sur-Reply to Plaintiffs' Reply in Support of Their Motion to Remand (Doc. # 19) is GRANTED.

IT IS FURTHER ORDERED that this action is REMANDED to the Jefferson County District Court.

DATED:  December   07  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge